IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARK J. SHOTWELL, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 16-441-RGA |
| MIDDLETOWN POLICE DEPARTMENT, et al., | : | |
| Defendants. | : | |

Mark J. Shotwell, Newark, Delaware. *Pro Se* Plaintiff.

Herbert Weiswasser Mondros, Esquire, and Sarah Michelle Ennis, Esquire, Margolis Edelstein, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

August 3, 2017
Wilmington, Delaware

*[signature]*
ANDREWS, U.S. District Judge:

Plaintiff Mark J. Shotwell, who appears *pro se* and has been granted leave to proceed *in forma pauperis,* filed this action on June 15, 2016, followed by an amended complaint on October 31, 2016. (D.I. 2, 11). Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 21). Plaintiff opposes. (D.I. 23). Briefing on the motion is complete.

## BACKGROUND

Named as Defendants are Middletown Police Department, Officer Jordan Douglass, Officer Michele Wharton, and Detective Stafford.[1] Plaintiff alleges violations of his Fourth Amendment rights by reason of an unlawful search and seizure. Plaintiff was arrested on October 16, 2015 for violating a protection from abuse order that had been entered in mid-August 2015. (D.I. 11 at p.3). Wharton went to the residence of the complainant on October 13, 2015, who alleged that Plaintiff had violated the protection from abuse order when Plaintiff both telephoned the complainant and had his mother telephone the complainant. (*Id.* at pp.1-2). Wharton applied for, and obtained a search warrant for the forensic examination of Plaintiff's cell phone to obtain the phone call history from October 13, 2015. (D.I. 11-1 at pp.1-4).

When Plaintiff turned himself in on October 16, 2015, he advised Douglass that he owned multiple cell phones and they were in his vehicle. (*Id.* at pp.5-8). In turn,

---

[1] Plaintiff also named the State of Delaware and the Delaware Department of Justice as defendants, both of whom have been dismissed as they are immune from suit. (*See* D.I. 9, 10, 12, 13). The Court docket incorrectly lists the Chief Executive Officer of the Town Middletown, Delaware as a defendant. The Chief Executive Officer is not a defendant, but was served as is required by the Federal Rules of Civil Procedure when serving a local governmental entity. The Clerk of Court will be directed to correct the docket.

Douglass sought, and obtained, a search warrant for Plaintiff's car to retrieve any cell phones located in the vehicle in order to execute the forensic examination search warrant on the phones. (*Id.*). Plaintiff alleges that Detective Stafford performed a Cellebrite extraction report on three of Plaintiff's cell phones in a manner that exceeded the warrant when information from August 14, 2015 until October 15, 2015 was extracted, instead of only October 13, 2015 as set forth in the warrant. (D.I. 11 at 3). The matter was set for trial on March 14, 2016. (D.I. 11-1 at p.28). Plaintiff alleges that the charges were nolle prossed later that month. (*Id.* at p.29). He seeks $825,000 in compensatory damages and the return of his property.

Plaintiff raises claims pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Court screened his claims on November 22, 2016, pursuant to 28 U.S.C. § 1915(e)(2), and found that Plaintiff alleged what to appear to be cognizable and non-frivolous claims against Middletown Police Department, Officer Jordan Douglass, Officer Michele Wharton, and Detective Stafford. (D.I. 12, 13). Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that: (1) Plaintiff fails to state a claim under 42 U.S.C. § 1983; (2) the Middletown Police Department is an improperly named defendant; (3) Wharton, Douglass, and Stafford are protected from liability by reason of qualified immunity from suit; and (4) Plaintiff fails to state claims under Delaware law for defamation and infliction of emotional distress.

## STANDARDS OF LAW

Plaintiff proceeds *pro se* and, therefore, his pleadings are liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than

3

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The legal standard when ruling on Rule 12(b)(6) motions is identical to the standard used when screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing

4

court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## DISCUSSION

The Court previously reviewed Plaintiff's allegations and found that he stated what appear to be cognizable and non-frivolous claims. (*See* D.I. 12). Nothing has changed since that ruling. The Court has revisited the allegations, liberally construes them, as it must, and finds that Plaintiff adequately alleges Fourth Amendment claims. Therefore, the Court will deny that portion of the motion to dismiss that seeks dismissal of the 42 U.S.C. § 1983 claims for failure to state a claim upon which relief may be granted.

Plaintiff has named the Middletown Police Department as a defendant. Defendants move to dismiss the Police Department, arguing that it is not a proper party as it is an arm of the local municipality. This appears to be an accurate statement, *see Thomas v. Wilmington Police Dep't*, 1994 WL 315232, at *2-3 (Del. Super. 1994) ("the Wilmington Police Department may not be sued as a separate entity"); *Washington v. Wilmington Police Dep't*, 1995 WL 654158, at *3 (Del. Super. 1995) (same). Therefore, the Court will grant the motion to dismiss the Police Department and will allow Plaintiff leave to amend his complaint to substitute the proper party in interest, the Town of Middletown. *See Boyd v. Wilmington Police Dep't*, 439 F. Supp. 2d 343, 345 n.3 (D. Del. 2006).

Defendants also seek dismissal of the claims raised against Douglass, Wharton, and Stafford by reason of qualified immunity. The doctrine of qualified immunity shields government officials who perform discretionary functions "from liability for civil damages

5

insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Under the two-step sequence for resolving claims of qualified immunity, [Courts] must determine whether the alleged or proven conduct of the defendant violated the plaintiff's constitutional rights." *Carroll v. Clifford Twp.*, 625 F. App'x 43, 47 (3d Cir. 2015) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). Second, Courts ask whether the right was "clearly established at the time of [the] defendant's misconduct." *Id.* (internal quotation marks and alterations omitted). Courts have "discretion to perform [this] inquiry in the order [they] deem most appropriate for the particular case before [them]." *Santini v. Fuentes*, 795 F.3d 410, 418 (3d Cir. 2015) (citing *Pearson*, 555 U.S. at 236).

Wharton sought, and procured, a search warrant for the forensic examination of Plaintiff's phone to obtain the phone call history from October 13, 2015, after she was advised by Plaintiff and Plaintiff's mother that Plaintiff had asked his mother to contact the complainant in violation of the protection from abuse order. (*See* D.I. 11-1 at 4.) Douglass sought and obtained a search warrant for Plaintiff's vehicle, after Plaintiff informed him that he owned multiple cell phones and that the phones were located in his vehicle. (*Id.* at 8).

Based upon the circumstances and facts as alleged and known to Wharton and Douglass and included in their affidavits of probable cause, probable cause existed to conduct a forensic examination of Plaintiff's cell phone and to search his vehicle for cell phones. Moreover, even if probable cause did not exist, Wharton and Douglass are entitled to qualified immunity because a reasonable officer could have believed that

6

there was probable cause to support their applications, and no rational fact finder could conclude otherwise. See, e.g., Malley v. Briggs, 475 U.S. 335, 341 (1985); Orsatti v. New Jersey State Police, 71 F.3d 400, 483 (3d Cir. 1995).

Plaintiff's factual allegations support the § 1983 claims raised against Detective Stafford and, as to the claim against him, the Court concludes that the issue of qualified immunity is premature. This is so in light of the warrant that the forensic examination was for the phone call history from October 13, 2015, as opposed to the allegations that Stafford conducted an overly invasive retrieval for cell phone information from August 14, 2015 until October 15, 2015. The issue is better addressed at the summary judgment stage. See Suero v. Watkins, 2016 WL 8716667, at *9 (E.D. Pa. Feb. 12, 2016) (testimony, coupled with factual allegations, supports Plaintiff's argument that summary judgment on the grounds of qualified immunity is premature). For these reasons, the Court will grant the motion to dismiss on the grounds of qualified immunity as to Wharton and Douglass and will deny the motion to dismiss as to Stafford.

Finally, Defendants move to dismiss supplemental State claims of defamation and infliction of emotional distress. In reviewing Plaintiff's allegations, it is far from clear that he intended to raise supplemental state claims. Nor, at the time of screening, did the Court consider that Plaintiff raised such claims. If this is the case, then as Defendants correctly argue, the allegations do not adequately state claims for defamation or intentional infliction of emotional distress. Therefore, the Court will consider that defamation and infliction are not raised by the complaint. To the extent that Plaintiff intended to raise such claims, he is given leave to do so if he chooses to file a second amended complaint.

## CONCLUSION

For the above reasons, the Court will deny in part and grant in part Defendants' motion to dismiss. (D.I. 21). Plaintiff will be given leave to file an amended complaint. An appropriate order will be entered.