**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MARK J. SHOTWELL, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No.: 16-441 RGA |
| | ) | |
| | ) | |
| DETECTIVE STAFFORD, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
<u>DIRECTED TO PLAINTIFF</u>**

**I.   INSTRUCTIONS AND DEFINITIONS**

This request is intended to cover all documents in your possession or subject to your custody or control, whether or not they are located in any of the answering parties offices or any other offices maintained by the answering party or controlled by it. It is also intended to cover any and all documents that you are only authorized to retrieve.

As used in this request, the term "document" means without limitation the following items whether printed or recorded or reproduced by any other mechanical process or written or produced by hand:

Agreements, communications, state and federal governmental hearings and reports, correspondence, telegrams, memorandum, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or other records of meetings or conferences, summaries or reports of investigations or negotiations, opinions of reports or consultations, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any and all documents, and all other writings.

The word "parties," "party" or "answering parties" means the persons to whom these requests are directed and who is a party to this litigation, including the agents, employees, heirs, servants or anyone under their control or direction who is capable of retrieving documents which are discoverable.

Should any documents be withheld pursuant to a recognized privilege, the answering party shall produce a privilege log which clearly describes the document and the legal basis for withholding each document.

## II. REQUESTS FOR PRODUCTION

1. Any and all documents which reflect, support, refer to or otherwise relate to each and every allegation in the Complaint.

2. Any and all documents which reflect, refer to, describe, calculate, summarize, estimate or otherwise relate to Plaintiff's claims for damages in this litigation.

3. Any and all text message and email communications, except for those exchanges with Plaintiff's attorney, in which Plaintiff reflects, refers to or otherwise relates to his factual allegations made in the Complaint or his alleged injuries stemming therefrom.

4. Any and all documents which reflect, support, arise from or otherwise relate to Plaintiff's treatment for physical, mental and emotional damages arising from the allegations made in the Complaint.

5. All documents, including but not limited to handwritten notes and emails, relating to any communications, discussions or other contacts that Plaintiff or anyone else on his behalf, other than Plaintiff's attorneys, have had with any individual about the allegations in the Complaint.

6. Any and all documents and things that identify, discuss, refer to and/or relate in any way to the out-of-pocket costs associated with your requested compensatory, economic, consequential, and incidental damages for this litigation, including legal fees, costs pertaining to medical and/or psychological treatment and other costs.

7. All online profiles, postings, messages (including, without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams and blog entries): photographs, videos and on-line communications that (a) refer or relate to the allegations set forth in the Complaint; (b) reveal, refer to, or relate to any emotional state or mental state by Plaintiff; or (c) reveal, refer, or relate to events that could reasonably be expected to produce significant emotion, feeling, or mental state by Plaintiff.

8. Any and all documents or demonstrative evidence you intend to rely on at time of trial.

9. All other writings, memoranda, data and tangible things which relate directly or indirectly to the incident set forth in the plaintiff's Complaint.

10. Reports, communications, and/or documents prepared by any and all experts who will testify or whose reports will be submitted at trial.

11. Reports, manuals, textbooks, policy sheets or other documents, or communications which any said expert, potential expert, witness or potential witness has consulted or reviewed as a *result* or in *preparation* of this litigation or *will* consult or review.

12. Resumes and qualifications of any and all experts who will testify or whose reports will be submitted at trial.

13. Any and all documents or other tangible materials of any nature whatsoever which you plan to have marked for identification at a deposition or trial, introduce into evidence at a deposition or trial, or about which you plan to question a witness at a deposition or trial.

14. All documents and/or communications relating to any facts on the basis of which it is asserted that the conduct of the Defendant contributed to the happenings of the alleged occurrence or to the alleged injuries or losses suffered allegedly as a result of this accident.

15. Any and all documents of any nature whatsoever referred to in Plaintiff's Answers to Defendant's Interrogatories.

16. All online profiles, postings, messages (including, without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams and blog entries), photographs, videos, and online communications that:
   (a) refer or relate to the allegations set forth in the complaint;
   (b) refer or relate to any facts or defenses raised in the answer;
   (c) reveal, refer or relate to any emotion, feeling or mental state; or
   (d) reveal, refer or relate to events that could reasonably be expected to produce a significant emotion, feeling or mental state.

These requests are deemed to be continuing insofar as if any of the above is secured *subsequent* to the date herein for the production of same, said documents, photographs, statements, reports, etc., are to be provided to Defendant's counsel within thirty (30) days of receipt of same.

MARGOLIS EDELSTEIN

BY:    */s/ Herbert W. Mondros*
       Herbert W. Mondros, Esquire (DE #3308)
       Diane M. Coffey, Esquire (DE #200001)
       300 Delaware Avenue, Suite 800
       Wilmington, DE 19801
       (302) 888-1112– Telephone
       (302) 888-1119 – Facsimile
       hmondros@margolisedelstein.com
       dcoffey@margolisedelstein.com
       *Attorneys for Defendant*

Dated: December 14, 2017