IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARK J. SHOTWELL, | : | |
| Plaintiff, | : | |
| v. | : | Civ. Action No. 16-441-RGA |
| DETECTIVE STAFFORD, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington this \_\_\_16\_\_\_ day of April, 2018, having considered the pending motions (D.I. 31, 46, 50, 52, 61);

1. **Introduction.** Plaintiff Mark J. Shotwell filed this action alleging violations of his constitutional rights under 42 U.S.C. § 1983. He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*.

2. **Request for Counsel.** Plaintiff requests counsel on the grounds that he has no formal legal training or education, the issues are complex, expert testimony will be necessary, the elements of the case are technical, countersuit penalties constitute an overriding personal interest for Plaintiff, counsel will make a difference in the case, and privacy and personal information of several hundred individuals will be exposed without the proper knowledge of how to file supportive information. (D.I. 31).

3. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a

1

finding that a plaintiff's claim has arguable merit in fact and law.[1]  *Tabron*, 6 F.3d at 155.

4. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel.  Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony.  *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.  The list is not exhaustive, nor is any one factor determinative.  *Tabron*, 6 F.3d at 157.

5. Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel.  After reviewing Plaintiff's complaint, the Court concludes that it cannot say at this time that the case is so factually or legally complex that requesting a volunteer attorney is warranted.  In addition, to date, Plaintiff has very ably represented himself in this case.  In light of the foregoing, the Court will deny without prejudice to

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

2

renew Plaintiff's request for counsel. (D.I. 31). Should the need for counsel arise later, one can be sought at that time.

6. **Discovery Requests**. On December 14, 2017, Defendants served interrogatories and a request for production of documents upon Plaintiff. (D.I. 33, 34). A party responding to interrogatories must serve his answer and any objections within 30 days after being served. Fed. R. Civ. P. 33(b)(2). With interrogatories, any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Fed. R. Civ. P. 33(b)(4). Similarly, the party to whom a request for production is documents is directed must respond in writing within 30 days after being served. Fed. R. Civ. P. 34.

7. On March 5, 2018, long after the deadline to respond to the discovery, Plaintiff filed a motion stating he has financial constraints that limit his ability produce the discovery requested. (D.I. 46). He asks the Court to allow him to turn over a copied hard drive to satisfy the discovery requests with the condition that those in possession of his property "agree to be held fully responsible for securing any and all information" contained therein, and "agree to conduct any and all activities respectfully and mindful to sensitive material that may violate Plaintiff's and/or other's personal privacy." (*Id.* at p.3). In the alternative, Plaintiff asks the Court to "waive all costs . . . for the private forensics examinations necessary for the retrieval, conversion, and cataloging of the data in order to satisfy Defendant's [d]iscovery request." (*Id.*) A few days later, Defendant filed a motion to compel Plaintiff's responses to his discovery requests. (D.I. 50). In turn, Plaintiff filed a motion requesting access to legal funds or waivers for necessary expenses. (D.I. 52).

3

8. The Court will grant Defendant's motion to compel and will deny Plaintiff's motion for a ruling on discovery. (D.I. 46, 50). Plaintiff will be required to respond to the discovery requests. Plaintiff filed this action and the Federal Rules of Civil Procedure guide the discovery process. Plaintiff shall answer the requests to the best of his ability. He may not, however, provide a wholesale dump of documents that require Defendant to shift through them to determine whether they are responsive and/or relevant. Nor may he make providing discovery contingent upon conditions he imposes upon Defendant.

9. **Legal Funds or Waivers for Necessary Expenses**. Plaintiff refers to this Court's fund for pro-bono attorneys and, because he proceeds *pro se* and has *in forma pauperis* status, moves for access to legal funds so that he may conduct the necessary duties for discovery. (D.I. 52). He indicates discovery costs will include subpoenaing witnesses to testify at depositions, hiring a deposition officer and stenographic reporter, fees for expert deposition testimony from a cellular phone forensic specialist, and printing costs. The motion will be denied.

10. The court has no authority to finance or pay for a party's discovery expenses. *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (§ 1915 does not require the government to advance funds for deposition expenses); *Doe v. United States*, 112 F.R.D. 183, 184-85 (S.D.N.Y. 1986) (*in forma pauperis* statute does not require government to advance funds for deposition expenses); *Toliver v. Community Action Comm'n to Help the Econ.*, 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for *pro se in forma pauperis* plaintiff); *Sturdevant v. Deer*, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (28 U.S.C. § 1915 "does

4

not extend to the cost of taking and transcribing a deposition."); *Ebenhart v. Power*, 309 F. Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.").

11. In addition, the Court lacks authority to pay for an indigent plaintiff's expert witnesses. See, e.g., *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) ("Congress has authorized the courts to waive prepayment of such items as filing fees and transcripts if a party qualifies to proceed *in forma pauperis*. 28 U.S.C. § 1915. However, we have been directed to no statutory authority nor to any appropriation to which the courts may look for payment of expert witness fees in civil suits for damages. Provisions have been made for expert witness fees in criminal cases, 18 U.S.C. § 3006A(e)(1), but not in civil damage suits.").

12. **Motion to Enforce Subpoenas**. On March 26, 2018, Plaintiff filed a motion to enforce subpoenas and the production of information sought by them. (D.I. 61). The motion is premature having been filed a little over a week before the production was due on April 4, 2018. Therefore, the motion will be dismissed as premature.

THEREFORE, IT IS ORDERED that:

1. Plaintiff's request for counsel is DENIED without prejudice to renew. (D.I. 31).

2. Plaintiff's motion for a ruling on Defendant's discovery request is DENIED. (D.I. 46).

5

3. Defendant's motion to compel is GRANTED. (D.I. 50). Plaintiff shall file responses to discovery on or before **May 11, 2018**.

4. Plaintiff's motion for access to legal funds or waivers is DENIED. (D.I. 52).

5. Plaintiff's motion to enforce subpoenas is DISMISSED as premature. (D.I. 61.)

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE