**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MARK J. SHOTWELL ) | |
|     Plaintiff, ) | |
| ) | **Civil Action No. 16-441-RGA** |
| V. ) | |
| ) | |
| DET. STAFFORD, ) | |
|     Defendant. ) | |

**DEFENDANT'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO RESCHEDULE THE DEADLINE FOR SUMMARY JUDGMENT MOTIONS AND FOR A SCHEDULING CONFERENCE**

In opposition to Plaintiff's motion to reschedule the Deadline for Summary Judgment Motions and for a Scheduling Conference, Defendant states as follows:

**I. INTRODUCTION**

Plaintiff's motion should be denied. Plaintiff cannot demonstrate good cause required to grant his motion. Plaintiff filed suit more than two years ago, two scheduling Orders have been set by the Court during that time, and Plaintiff has failed repeatedly to comply with the Court's directives to follow those scheduling Orders. Plaintiff has engaged in undue delay and failed to amend his complaint as directed nearly a year ago, to include the Town of Middletown. Similarly, Plaintiff has had more than two years to obtain an expert, yet has failed to do so. Defendant would be caused undue prejudice if discovery is reopened, as discovery has been complete and the matter is on the eve of summary judgment. Further delays by Plaintiff should be denied.

**II. COURSE OF PROCEEDINGS**

The Complaint was filed on June 15, 2016 against the State of Delaware.[1] The complaint

---
[1] D.I. 2

was dismissed based on the immunity of Defendant State of Delaware and Plaintiff was given leave to file an amended complaint to name the proper defendants.[2] Plaintiff filed an amended complaint, naming The Middletown Police Department, Officer Jordan Douglass, Officer Michelle Wharton and Detective Stafford.[3] Defendant filed a motion to dismiss, which was granted in part and denied in part.[4] The Middletown Police Department, Jordan Douglass and Michelle Wharton were dismissed. Only claims against Det. Stafford survived.

Plaintiff was given leave to file a second amended complaint on or before August 25, 2017 with all allegations to be contained in one pleading.[5] This court specifically gave Plaintiff leave to add the Town of Middletown as a Defendant on or before August 25, 2017.[6] Plaintiff filed a Second Amended Complaint on August 25, 2017[7] which did not name the Town of Middletown as a Defendant. Defendant answered the amended complaint[8] and noted that Plaintiff did not name the Town of Middletown as a defendant.[9] The Court issued a Scheduling Order on September 11, 2017.[10] Plaintiff moved for appointment of counsel on October 30, 2017[11], which motion was denied.[12] Discovery proceeded. Plaintiff took depositions of Defendant Stafford, Middletown Police Department Chief Michael Iglio, Steven Baker and Kelly Baker. Defendant deposed the Plaintiff.

The following motions were filed and are pending: Motion for Necessary Discovery Extension and Means to Provide Plaintiff Access to Funds for Forensic Expert[13]; Motion for

---

[2] D.I. 10
[3] D.I. 11
[4] D.I. 26
[5] D.I. 26
[6] D.I. 25
[7] D.I. 27
[8] D.I. 28
[9] D.I. 29
[10] D.I. 30
[11] D.I. 31
[12] D.I. 75
[13] D.I. 74

2

Protective Order filed by Defendant[14]; Motion to Strike Reply Brief Attachments[15]. The case is ripe for summary judgment. Now with two weeks before the motion for summary judgment deadline, Plaintiff seeks to reopen all the deadlines with his instant motion.

### III. FACTS

Plaintiff alleges violations of his Fourth Amendment rights by reason of an unlawful search and seizure by Det. Stafford.[16] Plaintiff was arrested on October 16, 2015 for violating a Protection from Abuse Order that had been entered in August 2015. Plaintiffs' three cell phones were seized and valid search warrants obtained for the forensic examination thereof to obtain the call history of October 13, 2015. Det. Stafford conducted the forensic examination by utilizing the Cellebrite UFED device to extract the contents of Plaintiffs' cell phones. The resulting extraction reports were then given to Det. Wharton to search the call log folders of each report, to determine if there were calls made (deleted or not) on October 13, 2015 to the telephone number connected to the alleged PFA violation. Det. Wharton found none. Plaintiff alleges that this forensic examination of his phones was overly broad and invasive. Defendant denies this claim.

### IV. ARGUMENT

#### A. PLAINTIFF'S MOTION SHOULD BE DENIED AS UNTIMELY AND WITHOUT GOOD CAUSE. IT IS ALSO PREMATURE TO REQUEST A SCHEDULING CONFERENCE

The second Discovery deadline issued by the Court in this case required that all discovery be completed by April 9, 2018.[17] The instant motion was filed on June 20, 2018, more than 10 weeks after the close of discovery. Local Rule of Civil Practice and Procedure of the United

---

[14] D.I. 77;
[15] D.I. 79;
[16] D.I. 27
[17] D.I.

3

States District Court for the District of Delaware 16.4, Requests for Extension of Deadlines, states:

> Unless otherwise ordered, a request for an extension of deadlines for completion of discovery or postponement of the trial shall be made by motion or stipulation prior to expiration of the date deadline.[18]

As stated by the Court in its Order of April 16, 2018, Plaintiff filed this action and the Federal Rules of Civil Procedure guide the discovery process.[19]

> A court-ordered schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause standard under Rule 16(b) hinges on diligence of the movant and not on prejudice to the non-moving party."[20]

Throughout this litigation, Plaintiff has repeatedly ignored scheduling order Deadlines and he has failed to comply with a Court Order to provide discovery to Defendant. Plaintiff has demonstrated through his many motions to the Court, during the discovery process and through his behavior at depositions, that he will not comply with the rules of the Court. Plaintiff's late demands to reschedule the deadline for summary judgment motions; asking to re-open discovery to re-depose certain persons and to obtain additional testimony, including from an as-yet unnamed expert and for a scheduling conference, are abusive of the discovery process and violative of the proportionality standard of Fed. R. Civ. Pro 26(b)(1).

Plaintiff points to Fed. R. Civ. Pro. 16(a)(4) as authority to request a pre-trial conference. This reliance is misplaced, as the matter is not set for trial and the request is premature. The parties are on the threshold of summary judgment. It is also too late for a regular scheduling conference, as the first scheduling order was entered September 2017.

---

[18] Local Rule 16.4
[19] D.I. 75, pg 4
[20] *Cavi v. Evolving Sys. NC*, 2018 U.S. Dist. LEXIS 86971; 2018 WL 2372673, quoting *Roquette Freres v. SPI Pharma., Inc.,* 2009 U.S. Dist. LEXIS 43740, 2009 WL 1444835, at *4 (D. Del. May 21, 2009).

Plaintiff failed to cite the applicable section of Fed. R. Civ. Pro. 16(b)(4). *Modifying a Schedule*., which says, "A schedule may be modified only for good cause and with the judge's consent.[21] Good cause cannot be demonstrated in this case.

Plaintiff is not entitled to a pretrial conference until motion practice is complete, pursuant to Local Rule of Civil Procedure 16.3(a), which says: any party may request a pretrial conference following the completion of discovery and any scheduled motion practice.[22]

**B. PLAINTIFF'S REQUEST TO AMEND HIS COMPLAINT TO INCLUDE THE TOWN OF MIDDLETOWN IGNORES THE FACT THAT PLAINTIFF HAD THE OPPORTUNITY TO ADD THE TOWN OF MIDDLETOWN AS A PARTY, BUT FAILED TO DO SO. IN ANY EVENT, THE AMENDMENTS IS FUTILE AS THE STATUTE OF LIMITATIONS HAS NOW RUN**

Following briefing on a motion to dismiss, the Court issued its Memorandum Opinion on August 4, 2017,[23] which dismissed the Middletown Police Department as an improperly named party.[24] In the same paragraph, the Court said it "will allow Plaintiff leave to amend his complaint to substitute the proper party in interest, the Town of Middletown."[25] In its accompanying Order entered August 4, 2017, the Court said:

> Plaintiff is given leave to file a second amended complaint *on or before August 25, 2017*. All allegations shall be contained in one pleading. *Should Plaintiff fail to file a second amended complaint, the matter will proceed on the 42 U.S. C. §1983 claims against Detective Stafford as set forth in the operative pleading.*[26]

Plaintiff filed a (Second) Amended Complaint on August 25, 2017.[27] Plaintiff failed to name the Town of Middletown as a Defendant in this Second Amended Complaint. Defendant Stafford

---

[21] Fed. R. Civ. Pro. 16(b)(4).
[22] Local Rule 16.3 (a)
[23] D.I. 25
[24] *Id.* at pg. 5
[25] *Id.*
[26] D.I. 26, *emphasis added*
[27] D.I. 27

filed an answer to the Second Amended Complaint[28], and also filed a letter to the Court, with a copy to Plaintiff, noting in part that Plaintiff did not name the Town of Middletown in this (Second) Amended Complaint. [29] Plaintiff did nothing thereafter to attempt to name the Town of Middletown as a Defendant.

Now, 10 months after the deadline, Plaintiff seeks to amend to add the Town of Middletown. The motion should be denied. In any event, the two-year statute of limitations has now run under any calculation of time and the amendment would be futile.

> The Court should freely give leave [to amend] when justice so requires.: Fed. R. Civ. P. 15(a)(2). A court may deny leave to amend, however, for reasons of undue delay, bad faith on part of the moving party, undue prejudice to the non-moving party, or futility of amendment. [30]

Three *Foman* factors are present here: undue delay, undue prejudice to the Defendant and futility. Plaintiff has engaged in undue delay. He was given the opportunity to add the Town of Middletown as a party by August 25, 2017. He chose not to do so. Undue prejudice to Defendant would also result by the adding of this new Defendant and re-opening of Discovery. Defendant should not be subjected to further delays and to submitting to unreasonable additional discovery at the whim of Plaintiff. Discovery is complete and the matter is ripe for summary judgment. Lastly, Plaintiff's amendment would be futile, as the statute of limitations has expired.

Defendant was arrested on or about October 16, 2015. The forensic examinations and subsequent search of his phones were performed in early February, 2016. More than two years

---

[28] D.I. 28
[29] D.I. 29
[30] *Cavi v. Evolving Sys. NC*, 2018 U.S. Dist. LEXIS 86971, *2; 2018 WL 2372673, quoting *Foman v. Davis,* 371 U.S. 178, 182. 83 S. Ct. 227, 9 L. Ed. 23 222 (1962

have elapsed from the date of arrest or examinations and defendant is now barred from adding additional parties, pursuant to 10 *Del. C.* §8119. Though interpreting a different section of Title 10, the Court noted,

> Under §8106, "the statute of limitations begins to run, i.e., the cause of action accrues, at the time of the alleged wrongful act, even if the plaintiff is ignorant of the cause of action.[31]

### C. PLAINTIFF HAS REPEATEDLY FAILED TO COMPLY WITH THE SECOND SCHEDULING ORDER OR THE FEDERAL RULES OF CIVIL PROCEDURE

The Court issued its first scheduling Order September 11, 2017.[32] On December 21, 2017, Plaintiff requested a continuance of the dates in the scheduling order.[33] Defendant did not oppose,[34] and the Court issued a second scheduling order on December 28, 2017. The new Order set a discovery deadline of April 9, 2018 and dispositive motions deadline of July 9, 2018.[35]

On December 14, 2017, Defendant served Plaintiff with Requests for Production of Documents,[36] and Interrogatories to answer.[37] Plaintiff failed to answer either. Defendant filed a motion to compel on March 9, 2018.[38] Rather than produce the requested discovery to Defendant or answer the motion to compel, Plaintiff instead filed a motion to request access to legal funds.[39] Plaintiff wanted to hire a forensic expert, at government expense, to complete his discovery for him. His moving papers said in part that he was too busy to do the work himself. While these motions were pending, Defendant was forced to take Plaintiff's deposition without

---

[31] *Cavi v. Evolving Sys. NC,* 2018 U.S. Dist. LEXIS 86971, *6; 2018 WL 2372673, quoting *In re Dean Witter P'shiop Litig.,* 1998 Del. Ch. LEXIS 133, 1998 WL 442456, at *4 (Del. Ch. July 17, 1998), aff'd mem., 725 A.2d 441 (Del. 1999)
[32] D.I. 30
[33] D.I. 40
[34] D.I. 42
[35] D.I. 44
[36] D.I. 33
[37] D.I. 34
[38] D.I. 50.
[39] D.I. 52

benefit of discovery from Plaintiff.  At Plaintiff's deposition on March 27, 2018, Plaintiff refused to provide the name of even one witness that he claimed has factual testimony to support his allegations.

On April 16, 2018, the Court issued an Order requiring Plaintiff to answer Defendant's discovery requests by May 11, 2018.[40]  Plaintiff provided responses to Defendant's Interrogatories (though the answers were self-serving), but has yet to provide responses to Defendant's Request for Production of Documents.  He has failed to comply with the Court's Order.

Plaintiff filed suit over two years ago.  To date, he has not provided the name of one witness in support of his allegations nor has he retained an expert witness before the close of discovery.  Plaintiff has repeatedly ignored deadlines in the scheduling Order and the Court's order to provide discovery to Defendant.

Plaintiff's allegations have been proven to be without merit.  He simply wants to go on a fishing expedition to try to speculate or direct what other possible methods or forensic tools Plaintiff thinks the police should have used in his case or were available to the police for use. These are all improper arguments and have no bearing on the one issue in this case.  The request for any such materials or proffer of expert testimony is wholly improper and violative of the proportionality standard of Fed. R. Civ. Pro. 26(b)(1).

Plaintiff has ably represented himself in this litigation, deposed the necessary witnesses and there is no need to take any further discovery in this case. Plaintiff's motion should be denied and the matter proceed per the deadlines set by the scheduling Order set by the Court at D.I. 44.

---

[40] D.I. 75

WHEREFORE, Defendant Stafford respectfully requests that Plaintiff's motion be denied in its entirety.

                                      Respectfully submitted,

                                      MARGOLIS EDELSTEIN

BY:   */s/ Diane M. Coffey*
        Herbert W. Mondros, Esquire (DE #3308)
        Diane M. Coffey, Esquire (DE #200001)
        300 Delaware Avenue, Suite 800
        Wilmington, DE 19801
        (302) 888-1112– Telephone
        (302) 888-1119 – Facsimile
        *Attorneys for Defendant*

Dated: July 3, 2018