

ATTORNEYS AT LAW
www.margolisedelstein.com

**DELAWARE OFFICE:**
**300 Delaware Avenue**
**Suite 800**
**Wilmington, DE 19801**
**302-888-1112**
**Fax: 302-888-1119**

PHILADELPHIA OFFICE:*
The Curtis Center
170 S. Independence Mall W.
Suite 400E
Philadelphia, PA 19106-3337
215-922-1100

PITTSBURGH OFFICE:
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219
412-281-4256

SCRANTON OFFICE:
220 Penn Avenue
Suite 305
Scranton, PA 18503
570-342-4231

HARRISBURG OFFICE:*
3510 Trindle Road
Camp Hill, PA 17011
717-975-8114

WESTERN PA OFFICE:
983 Third Street
Beaver, PA 15009
724-774-6000

CENTRAL PA OFFICE:
P.O. Box 628
Hollidaysburg, PA 16648
814-695-5064

SOUTH NEW JERSEY OFFICE:
100 Century Parkway, Suite 200
P.O. Box 5084
Mt. Laurel, NJ 08054
856-727-6000

NORTH NEW JERSEY OFFICE:
Connell Corporate Center
400 Connell Drive
Suite 5400
Berkeley Heights, NJ 07922
908-790-1401

*Member of the Harmonie Group

Diane M. Coffey, Esq.
Direct Dial:302-313-9611
dcoffey@margolisedelstein.com

File No. 23800.6-00004

August 27, 2018

Hon. Richard G. Andrews
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Unit 9 Room 6325
Wilmington, DE 19801

Re:  Shotwell v. Stafford
     C.A. No.:16-441-RGA

Dear Judge Andrews:

Your Honor has scheduled an office conference in this matter for Friday, August 31, 2018 at 10:00 a.m.  I write to the Court in advance of the conference and in response to Plaintiff counsel's six-page discovery plan submitted to the Court at D.I. 100, as well as with regard to the proposed Rule 16 Scheduling Order which counsel has been directed to compose.

Many of the issues in counsel's letter and in the proposed new Scheduling Order concern either Chief Iglio or the Town of Middletown Police Department.  Therefore, I respectfully request that Scott Chambers, Esquire (who represents the Town of Middletown) be in attendance at the office conference.  Mr. Chambers is available and will be able to address any issues relating to the Town of Middletown, as the undersigned does not represent the Town.

Additionally, Judge Andrews, I write concerning the status

Page Two
Shotwell v. Stafford
C.A.No.16-441-RGA
August 27, 2018

of the requested Rule 16 Scheduling Order and its proposed content.  Plaintiff asserts in his letter at D.I. 100, that Defendant Stafford deleted photos and texts from the phones of Plaintiff, and that this is an "intentional violation of the warrant that strips Detective Stafford of qualified immunity".  The sole basis of the assertion of wrongdoing against Det. Stafford seems to be that Det. Stafford is related to Kelly Baker, who was involved at some point with Plaintiff in a relationship. It's Delaware, a small state in which many people are either related to each other or know each other.  This does not a conspiracy make, particularly in light of the testimony that has already been taken from Ms. Baker and Defendant.

   Det. Stafford testified that he did not delete anything from Plaintiff's phones, and that the Cellebrite equipment itself does not, and did not, delete anything from Plaintiff's phones. This is why it is sound technology that is used around the world.  If anything, it recovers material that has been deleted from cell phones.  Ms. Baker testified that she sees her cousin about once a year and that he never spoke to her about this case.  The first she learned of it was when she was served with Plaintiff's subpoena to testify at deposition.

   Yet, Plaintiff relies on this relationship by marriage to now put forth a conspiracy theory to attempt to impeach the credibility of Det. Stafford.  These bald assertions of wrongdoing alone cannot overcome the qualified immunity defense of Det. Stafford.  The proposed scheduling Order prepared by Plaintiff's counsel contains requests that would permit Plaintiff to go on a wild fishing expedition to try to uncover some wrongdoing by Det. Stafford that has no basis in fact.  Similarly, the requests being made (many of which were previously made by *pro se*

Page Three
C.A. No. 16-441-RGA
August 27, 2018

Plaintiff and refused), are not on point to the allegations in the second amended complaint, and should not be granted. They are out of all proportion to the facts of this case and it is simply not possible for the undersigned to agree to what is being requested and at the same time diligently represent Det. Sgt. Stafford.

Defendant requests that Plaintiff be required to provide to the Court some evidentiary indicia of Defendant Stafford's wrongdoing, rather than a simple "ipse dixit" assertion of such egregious behavior, before Defendant is ordered to provide the overreaching discovery that is being requested.  There are some items on the proposed plan over which Defendant has no control and must be addressed by the Town's attorney, as well.

The balance of the remaining requests in D.I. 100 are not relevant to Plaintiff's claims and also are not proportional to the needs of the case, as required by Fed. Rule Civ. Pro. 26(b)(1). This case has been litigated for over two years, was nearly at a conclusion and Plaintiff is now trying to re-open all facets of discovery, with a massive and non-relevant fishing expedition.  Defendant respectfully requests that each such request be dealt with at the scheduling conference itself. Lastly – Plaintiff has yet to provide the name of an expert or proffer of his or her testimony.  Defendant requests that this information be provided immediately.

                                            Respectfully submitted,

                                            */s/ Diane M. Coffey*
                                            Diane M. Coffey (#200001)

xc:  Scott Chambers, Esquire