**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MARK SHOTWELL, ) | |
| ) | C.A. No. 16-00441-RGA |
| Plaintiff, ) | |
| ) | Non-Arbitration |
| v. ) | |
| ) | Demand for Jury Trial |
| DETECTIVE STAFFORD, ) | |
| ) | |
| Defendant. ) | |

## STIPULATION AND [PROPOSED] ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION[1]

WHEREAS, the parties to the above-captioned action (the "Litigation") are engaged in discovery proceedings, which have and may include, all forms of discovery permissible under the FRCP;

WHEREAS, the discovery proceedings may involve non-parties;

WHEREAS, those discovery proceedings may involve the production of certain information that the parties to the Litigation (the "Parties," each a "Party") and/or non-parties believe to be confidential and sensitive commercial, financial, business information, or personal;

WHEREAS, public disclosure of such information is likely to cause significant harm to the disclosing party or to others;

---

[1] This Stipulation and Proposed Order is only intended to apply to discovery and Court filings in the above-captioned action. It does not address the confidentiality of documents or other information that may be produced pursuant to Court order or ruling resulting from the above-referenced matter.


WHEREAS, public disclosure of the confidential and sensitive commercial, financial, business and/or personal sensitive information is likely to cause harm to the disclosing person or to others in the form(s) of identity theft, invasion of privacy with associated emotional harm, harms arising from alleged violations of laws, regulations, or agreements that require the disclosing party to maintain confidentiality and/or commercial harm.

WHEREAS, there is good cause for this protective order;

IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, pursuant to the Federal Rules of Civil Procedure, that this Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation") will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, and any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Litigation.

1.  Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation if such Producing Party reasonably

believes in good faith that such Discovery Material contains non-public, confidential, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation ("Confidential Discovery Material").

    2.    The designation of Discovery Material as Confidential Discovery Material shall be made in the following manner:

        A.    In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" to each page containing any Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" in the file or directory name, or by affixing the legend "Confidential" to the media containing the Discovery Material (e.g., CD-ROM, floppy disk, DVD).

        B.    In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within 10 business days of the deposition or other pretrial testimony; provided that only those portions of the transcript designated as Confidential Discovery Material shall be deemed Confidential Discovery Material. The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

   C. In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material.

   D. Plaintiff was pro se during the first two (2) years of this case, and during that time there was no confidentiality agreement in place. Therefore, it may be requested from time to time by either party that a retroactive application of designated Confidential Discovery Material be made. The parties shall attempt to seek agreement on such request first, before seeking intervention of the Court.

  3. The designation of Discovery Material as Confidential Discovery Material shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation, and that there is a good faith basis for such designation.

   A. If a receiving Party includes information designated as Confidential by another person in any work product, then the Receiving Party shall treat that work product as Confidential.  This provision applies regardless of when the information is designated Confidential.

  4. Inadvertent failure to designate Discovery Material as Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected. A Producing Party may designate as Confidential any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential, (i) by notifying in writing the Party

to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material, or (ii) in a manner consistent with Paragraph 2. Upon receiving such notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material, and such Discovery Material shall be fully subject to this Stipulation (including but not limited to the provisions of Paragraph 4) from the date of such notice forward.  In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material prior to its designation as "Confidential" shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" when originally produced, (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Stipulation and Order, and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 8 of this Stipulation and Order.

      5.      Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

      A.      The Parties and the directors, officers, employees, of the Parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions

concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation for use in accordance with this Stipulation;

      B.    Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Stipulation;

      C.    Subject to Paragraph 7, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

      D.    Subject to Paragraph 8, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation;

      E.    Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

  F. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

  G. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, and provided that such person signs an undertaking in the form attached as Exhibit A hereto.

 6. To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation.

 7. Notwithstanding Paragraph 5(C) above, Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any Party or any competitor or potential transaction counterparty of any Party, as far as the expert or consultant can reasonably determine, and (ii) is using said Discovery Material solely in connection with this Litigation, and further provided

that such expert or consultant agrees to be bound by the terms of this Stipulation by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. Under no circumstances shall an expert or consultant who is a competitor or an employee of a competitor of a Party, or who is providing services to any of the foregoing, be provided access to Confidential Discovery Material absent further order of the Court or consent of the Producing Party. "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any persons who are actually engaged in any of these activities.

8. Notwithstanding Paragraph 5(D) above, Confidential Discovery Material may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of this Stipulation by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation. Counsel for the Party showing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph

shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

9. Discovery Material shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, any business or commercial purpose, or any other litigation or proceeding; provided, however, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record.

10. Every person to whom Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-Party shall enclose a copy of this Stipulation and notify the non-Party that the protections of this Stipulation are available to such non-Party.

11. Any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court (a "Filing") that discloses, summarizes, describes, characterizes or otherwise communicates Confidential Discovery Material (a "Filing Under Seal") must be filed with the Court under seal in accordance with the Federal

Rules of Civil Procedure, which may be accomplished by submitting documents stating the following:

> **THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER.**

In addition, all such documents must be submitted with a cover page containing the caption in the Litigation and the following statements and information:

> **YOU ARE IN POSSESSION OF A DOCUMENT FILED IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE THAT IS CONFIDENTIAL AND FILED UNDER SEAL.**
>
> **If you are not authorized by Court order to view or retrieve this document read no further than this page. You should contact the following person:**
>> **Diane M. Coffey, Esquire (DE #200001) or**
>> **Herbert W. Mondros, Esquire (DE #3308)**
>> **300 Delaware Avenue, Suite 800**
>> **Wilmington, DE 19801**
>> **(302) 888-1112– Telephone**
>>> **or**
>>
>> **Louis J. Rizzo, Esquire (DE #3374)**
>> **James L. Griffith, Jr., Esquire (PA #74126)**
>> **Reger Rizzo & Darnall, LLP**
>> **Brandywine Plaza East**
>> **1523 Concord Pike, Suite 200**
>> **Wilmington, DE  19803**
>> **215-495-6501**

If a paper copy of that document is to be submitted to the Court for any reason, that document shall be submitted in a sealed envelope or package marked with the title of the Litigation and bearing a statement substantially in the following form:

## CONFIDENTIAL

**FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER DATED _____, 20\_\_, GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF THIS LITIGATION.**

**THIS ENVELOPE IS NEITHER TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY COURT ORDER.**

12. The Parties making a Filing Under Seal must comply with the provisions of the Federal Rules of Civil Procedure. Notwithstanding the foregoing, the parties have no obligation to file public versions of any exhibits or attachments to a Filing, unless otherwise ordered by the Court.

13. During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Stipulation. The provisions of this Stipulation are not intended to shift any burdens of proof, including

the burden of establishing that any Discovery Material validly constitutes Confidential Discovery Material, which burden remains on the Party that designates such Discovery Material or testimony as Confidential.

14. The Parties reserve the right to apply, upon short notice, for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Stipulation.

15. Entering into this Stipulation, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Stipulation, shall not:

    A. Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information its considers not subject to discovery;

    B. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

    C. Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material or contains or reflects trade secrets or any other type of confidential information;

    D. Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material, or (ii) seek a determination by the Court whether any Discovery

Material or Confidential Discovery Material should be subject to the terms of this Stipulation;

E. Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

F. Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

G. Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

H. Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

16. This Stipulation has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by a person of documents, materials, or information designated as Confidential Discovery Material obtained lawfully by such person independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

17. If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or other applicable privilege or immunity.

A. A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

B. If a claim of inadvertent production is made, pursuant to this Stipulation, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in

writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

    C. A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

  18. Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

  19. In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation.

  20. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

21.   Subject to the requirements of the Federal Rules of Civil Procedure, and any applicable rule of the United States District Court for the District of Delaware, the provisions of this Stipulation shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom, except as provided in Paragraph 22.

22.   In the event that any Confidential Discovery Material is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material.  Prior to any court proceeding in which Confidential Discovery Material is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

23.   Within 30 days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, or any other proceeding in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material shall either (i) make a good-faith and reasonable effort to return such material and all copies thereof (including

summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential Discovery Material, and certify to that fact in writing to counsel for the Producing Party. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph. Nothing in this paragraph shall preclude the Court from awarding any relief with respect to the future treatment of plaintiff's data, even if such relief differs from or is in addition to the post-judgment procedures outlined herein.

      24.    If any person in possession of Confidential Discovery Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material produced or designated as "Confidential" by a Producing Party other than the Receiver (collectively, a

"Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) as promptly as possible in order to give the Producing Party sufficient time to address the Demand before the deadline for a response to the Demand), identifying the Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material on the grounds of the existence of this Stipulation. The burden of opposing the enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Stipulation, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Discovery Material will not constitute a violation of this Stipulation.

25. No Receiver shall reveal any Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material under the terms of this Stipulation. In the event that Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation, or that any information comes to the Receiver's attention, that

may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made.  The Receiver responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential Discovery Material by each unauthorized person who receives the information.

26. The Parties agree that the production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Order.

| **REGER RIZZO & DARNALL LLP** | **MARGOLIS EDELSTEIN** |
|---|---|
| */s/ Louis J. Rizzo, Jr.* | */s/ Diane M. Coffey* |
| Louis J. Rizzo, Jr. (No. 3374) | Herbert W. Mondros (No. 3308) |
| James L. Griffith, (PHV) | Diane M. Coffey (No. 200001) |
| 1523 Concord Pike, Suite 200 | 300 Delaware Avenue, Suite 800 |
| Brandywine Plaza East | Wilmington, DE 19801 |
| Wilmington, DE 19803 | (302) 888-1112 |
| (302) 477-7100 | Counsel for Defendant |
| Counsel for Plaintiff | |

Dated: September 21, 2018

SO ORDERED this _____ day of
_____, 2018

_____
The Honorable Richard G. Andrews
United States District Judge

# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARK SHOTWELL, | ) | |
| | ) | C.A. No. 16-cv-00441-RGA |
| Plaintiff, | ) | |
| | ) | Non-Arbitration |
| v. | ) | |
| | ) | Demand for Jury Trial |
| DETECTIVE STAFFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## AGREEMENT TO BE BOUND BY STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

I have read the Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation") in the above-captioned action. I understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for purposes of enforcement of the Stipulation. I further agree not to disclose or use any Confidential Discovery Material (as defined in the Stipulation) for purposes other than those permitted under the Stipulation.

_____
Signature

_____
Name

_____
Affiliation

_____    _____
Date                                                Title